UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>S. KERNAN, et al.,<br><br>          Defendants. | Case No. 1:19-cv-01746-SKO (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT *OR* NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>(Doc. 8)<br><br>21-DAY DEADLINE |

Plaintiff Rafael Godinez alleges the defendants subjected him to excessive force and retaliation. (Doc. 8.) The Court finds that Plaintiff's first amended complaint states cognizable claims against Defendants Algazzaly, Gray, and Herrick, and four Doe defendants, but it does not state cognizable claims against the remaining defendants. Accordingly, the Court grants Plaintiff one final opportunity to amend his complaint. Alternatively, Plaintiff may file a notice that he wishes to proceed only on the claims found cognizable in this order and to dismiss all remaining claims and defendants.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are

1

1   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

2   relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should

3   dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to

4   support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

5   Cir. 1990).

6   **II.   PLEADING REQUIREMENTS**

7      **A.  Federal Rule of Civil Procedure 8(a)**

8         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

9   exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

10  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

11  Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

12  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

13  quotation marks and citation omitted).

14        Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

15  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

16  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

17  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

18  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

19  true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

20        The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

21  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

22  liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories.

23  *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil

24  rights complaint may not supply essential elements of the claim that were not initially pled,"

25  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

26  marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe*

27  *I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

28  citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

1   state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall

2   short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

3   **B. Linkage and Causation**

4   Section 1983 provides a cause of action for the violation of constitutional or other federal

5   rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

6   section 1983, a plaintiff must show a causal connection or link between the actions of the

7   defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

8   423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

9   deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

10  act, participates in another's affirmative acts, or omits to perform an act which he is legally

11  required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

12  F.2d 740, 743 (9th Cir. 1978) (citation omitted).

13  **C. Federal Rules of Civil Procedure 18 and 20**

14  Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief to "join,

15  as independent or alternative claims, as many claims as it has against an opposing party."

16  However, a plaintiff may not join unrelated claims against multiple defendants in a single action.

17  *See* Fed. R. Civ. P. 20(a)(2); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011)

18  ("unrelated claims against different defendants belong in separate lawsuits"). A plaintiff may

19  bring claims against more than one defendant only if (1) the claims arise out of the same

20  transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law

21  or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *see Coughlin v. Rogers*, 130 F.3d

22  1348, 1351 (9th Cir. 1997).

23  **III.   DISCUSSION**

24  **A. Plaintiff's Allegations**

25  Plaintiff's claims stem from incidents at California Correctional Institution (CCI). (Doc. 8

26  at 1.) In Claim I, Plaintiff alleges that, on January 8, 2017, Correctional Officers Algazzaly and

27  Herrick, as well as four unknown officers (Does 1 through 4), subjected him to excessive force.

28  (*Id.* at 4.) Plaintiff states that the officers entered his cell and ordered him to kneel to the floor "as

3

if to place [him] in handcuffs." (*Id.*) Instead, the officers held him down as Algazzaly and Herrick punched him in the ribs, buttocks, and arms, causing visible injuries "all over [him]." (*Id.*) Plaintiff alleges that, when Correctional Lieutenant Tingley interviewed him about the incident, he stated "some … don't respond to anything else" and asked if Plaintiff would "keep pursuing this and poking the bear." (*Id.*) Plaintiff also alleges that Deputy Warden Jhonson, Warden Sullivan, and Secretary Kernan "were ordering an unwritten policy of misconduct." (*Id.*)

In Claim II, Plaintiff alleges that Correctional Officer Gray issued a false rules violation report against him in retaliation for a grievance he filed for the January 8 incident. (*Id.* at 5.) Gray charged him with "possession of dangerous contraband" for a razor that was "hidden in [his] mattress." (*Id.*) Plaintiff filed an administrative appeal regarding the alleged retaliatory action. (*Id.*) Plaintiff states that Correctional Lieutenant Nunley interviewed Plaintiff's cellmate about the allegation but omitted the interview from his report "[i]n a conspiracy to cover-up the misconduct." (*Id.*)

In Claim III, Plaintiff alleges that, on March 8, 2017, he attempted to file an administrative appeal regarding legal mail being returned to him. (*Id.* at 6.) Plaintiff states that Appeals Coordinator Wood and "AGPA" Zanchi screened out his appeal on four occasions. (*Id.*)

**B. Plaintiff's Claims for Relief**

1. Excessive Force

The Eighth Amendment proscribes the infliction of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 101 (1976). The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

///

1    A correctional officer engages in excessive force in violation of the Cruel and Unusual

2    Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances,

3    and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith

4    effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other

5    words, "whenever prison officials stand accused of using excessive physical force …, the core

6    judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore

7    discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7

8    (1992). In making this determination, courts may consider "the need for application of force, the

9    relationship between that need and the amount of force used, the threat reasonably perceived by

10   the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.*

11   at 7. Courts may also consider the extent of the injury suffered by the prisoner; the absence of

12   serious injury, however, is not determinative. *Id.*

13   Plaintiff states cognizable excessive force claims against Correctional Officers Algazzaly

14   and Herrick and the four Doe defendants. He alleges the officers held him down and punched him

15   repeatedly, causing him injuries. (Doc. 8 at 4.) The Court acknowledges that, at the screening

16   stage, it is unable to consider the *Hudson* factors, such as any need alleged by the defendants for

17   the application of force or the relationship between that need and the amount of force used. The

18   Court finds only that Plaintiff's allegations state claims of excessive force that are plausible on

19   their face. *See Iqbal*, 556 U.S. at 678.

20   Plaintiff does not state a cognizable claim against the remaining defendants. His

21   allegations regarding Lieutenant Tingley's inappropriate statements during his interview (Doc. 8

22   at 4) are insufficient to show that Tingley's actions or inactions caused the excessive force of

23   which he complains. *See Johnson*, 588 F.2d at 743. Plaintiff also alleges that Secretary Kernan,

24   Warden Sullivan, and Deputy Warden Jhonson "were ordering an unwritten policy of

25   misconduct" (Doc. 8 at 4), but he provides no facts to support this assertion. As explained in

26   section II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

27   conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's

28   citations to reports from 2015 and 2019 concerning High Desert State Prison and Salinas Valley

State Prison (Doc. 8 at 4) do not provide facts regarding the actions or inactions of Kernan, Sullivan, or Johnson specifically.

To the extent Plaintiff names these defendants simply because they hold supervisory positions, the Court notes that section 1983 does not impose liability on a supervisor merely because his subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose liability under section 1983, Plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those he or she supervised. *See id.*

## 2. Retaliation

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, the plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim against Correctional Officer Gray. He alleges that he engaged in protected conduct, i.e., filing an inmate grievance regarding the January 8, 2017 excessive force incident, and that Officer Gray subjected him to an adverse action because of such conduct, i.e., charging him with a false disciplinary violation. (Doc. 8 at 5.)

Plaintiff does not state a cognizable claim against Correctional Lieutenant Nunley. Plaintiff alleges that, in his report on Plaintiff's appeal regarding Gray's alleged retaliation, Nunley omitted his interview of Plaintiff's cellmate "[i]n a conspiracy to cover-up the

misconduct." (*Id.*) However, Plaintiff does not provide any facts to support this conclusory statement. *See Iqbal*, 556 U.S. at 678. To the extent Plaintiff challenges Nunley's processing of his administrative appeal itself, the Court notes that Plaintiff does not have a "constitutional entitlement to … specific inmate grievance procedure[s]." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted).

Plaintiff's claims against Appeals Coordinator Wood and "AGPA" Zanchi are also not cognizable. Plaintiff's allegations against these defendants are limited to their processing of his administrative appeals regarding his legal mail. (Doc. 8 at 6.) As stated above, Plaintiff has no constitutional right to specific appeals procedures.

### C. Misjoinder of Defendants

As explained in section II.C, *supra*, a plaintiff may not join unrelated claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2). A plaintiff may bring claims against more than one defendant only if the claims arise out of the same occurrence or series of occurrences. *See* Fed. R. Civ. P. 20(a)(2); *Coughlin*, 130 F.3d at 1351.

Plaintiff's claims against Defendants Wood and Zanchi do not arise out of the same occurrence or series of occurrences as his claims against the remaining defendants. Plaintiff's claims against the other defendants are for alleged excessive force as well as retaliation based on a grievance he filed regarding the excessive force. (*See* Doc. 8 at 4-5.) Plaintiff's claims against Wood and Zanchi, on the other hand, are for the alleged improper screening of his grievances regarding the handling of his legal mail. (*Id.* at 6.) These claims are unrelated for purposes of Rule 20 and cannot be brought in the same suit.

As explained above, Plaintiff does not state any cognizable claims against Defendants Wood and Zanchi. The misjoinder of these defendants provides alternative grounds to dismiss them from this lawsuit. Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party").

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's first amended complaint states cognizable claims of excessive force or retaliation against the four Doe defendants and

1    Defendants Algazzaly, Herrick, and Gray, but it does not state cognizable claims against the

2    remaining defendants. The Court grants Plaintiff **one final opportunity** to amend. **Within 21**

3    **days**, Plaintiff shall file a second amended complaint curing the deficiencies identified herein.

4    Alternatively, Plaintiff may file a notice that he wishes to proceed only the claims found

5    cognizable. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary

6    dismissal. If he needs an extension of time to comply with this order, he shall file a motion

7    seeking an extension **no later than 21 days** from the date of service of this order.

8         Plaintiff is informed that an amended complaint supersedes the original complaint. *Lacey*

9    *v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended complaint must be

10   "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The

11   Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies

12   identified in this order. However, he may not change the nature of this suit by adding unrelated

13   claims in an amended complaint.

14        Accordingly, the Court **ORDERS**:

15        1.   Plaintiff is **GRANTED** leave to file a second amended complaint;

16        2.   The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

17        3.   **Within 21 days** from the date of service of this order, Plaintiff must file **one of**

18             **the following three items**:

19             a.   a second complaint curing the deficiencies identified in this order, or

20             b.   a notice that he does not wish to file a second amended complaint and instead

21                  wishes to (1) proceed only on his excessive force and retaliation claims against

22                  Defendants Algazzaly, Gray, Herrick, and Does 1-4, and (2) dismiss all

23                  remaining claims and defendants, or

24             c.   a notice of voluntary dismissal of this entire case.

25   ///

26   ///

27   ///

28   ///

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **August 17, 2020**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE