UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01746-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANTS**<br><br>(Doc. 10)<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Plaintiff Rafael Godinez alleges the defendants subjected him to excessive force and retaliation. (Doc. 10.) The Court finds that Plaintiff's second amended complaint states cognizable claims against Defendants Algazzaly, Gray, and Herrick, and the four Doe defendants; but it does not state any cognizable claims against the remaining defendants. Given that Plaintiff has received two opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that the non-cognizable claims and associated defendants be dismissed.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are

1

frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Federal Rules of Civil Procedure 18 and 20

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, a plaintiff may not join unrelated claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits"). A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *see Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims stem from incidents at California Correctional Institution (CCI). (*See* Doc. 10 at 3-5.) In Claim I, Plaintiff alleges that, on January 8, 2017, Correctional Officers Algazzaly and Herrick as well as four unknown officers (Does 1 through 4) subjected him to excessive force. (*Id.* at 5.) Plaintiff states that the officers entered his cell "in full riot gear" and "ordered [him] to kneel down . . . as if to handcuff [him]." (*Id.*) Instead, the officers held him

1    down as Algazzaly and Herrick punched him in the ribs, buttocks, and arms, causing visible

2    injuries "all over [him]." (*Id.*) Plaintiff states that, when Correctional Lieutenant Tingley

3    interviewed him about the incident, Tingley stated "some . . . don't respond to anything else." (*Id.*

4    at 6.) Tingley also asked if Plaintiff would "keep pursuing this" and "poking the bear." (*Id.*)

5    Plaintiff alleges that then-CDCR Secretary Kernan, CCI Warden Sullivan, and Deputy Warden

6    Jhonson "were implementing a policy and . . . practice of excessive force and cover up." (*Id.*)

In Claim II, Plaintiff alleges that Correctional Officer Gray issued a false rules violation report against him on May 2, 2017, in retaliation for his filing a grievance regarding the January 8 incident and his "advocacy for improved prison conditions." (*Id.*) Gray charged him with "possession of dangerous contraband" for a razor that was "allegedly hidden in [his] mattress." (*Id.*) Plaintiff filed an administrative appeal regarding the alleged retaliatory action. (*Id.*) Plaintiff states that Correctional Lieutenant Nunley interviewed Plaintiff's cellmate about the allegation but omitted the interview from his report "[i]n a conspiracy to cover-up the fabricated . . . charge." (*Id.* at 6-7.)

In Claim III, Plaintiff alleges that, on March 8, 2017, he attempted to file an administrative appeal regarding the prison's "refusal to adhere to legal mail postage [and] provide legal mail indigent envelopes." (*Id.* at 7.) Plaintiff states that Appeals Coordinator Wood and "AGPA" Zanchi screened out his appeal on four occasions. (*Id.*) On April 3, 2017, Zanchi notified Plaintiff that he "was in violation of the excessive appeal submission regulation," which restricted him to filing one appeal every 30 days. (*Id.*)

## IV. DISCUSSION

### A. Excessive Force

The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citations omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa 1992) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (internal quotation marks and citation omitted). "Being violently assaulted in prison is simply not part of the penalty

that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). "[W]henever prison officials stand accused of using excessive physical force . . ., the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

Plaintiff states cognizable excessive force claims against Correctional Officers Algazzaly and Herrick and the four Doe defendants. Plaintiff alleges the officers held him down and punched him repeatedly "until they became tired," causing him significant injuries. (Doc. 10 at 5-6.) The Court acknowledges that a full consideration of the *Hudson* factors at the screening stage —such as the government's claimed need for the application of force—is untenable. Here, the Court only finds that Plaintiff sets forth claims of excessive force that are plausible on their face. *See Iqbal*, 556 U.S. at 678.

Plaintiff does not state a cognizable claim against the remaining defendants. Plaintiff's allegations regarding Correctional Lieutenant Tingley's inappropriate statements during his interview (Doc. 10 at 6) are insufficient to show that Tingley's actions or inactions caused the excessive force of which he complains. *See Johnson*, 588 F.2d at 743. Plaintiff also alleges that former CDCR Secretary Kernan, CCI Warden Sullivan, and Deputy Warden Jhonson "were implementing a policy . . . of excessive force and cover up." (Doc. 10 at 6.) However, he provides no facts to support this assertion. As explained in section II.A, *supra*, "[t]hreadbare recitals of the

5

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff's citations to reports from 2015 and 2019 concerning High Desert State Prison and Salinas Valley State Prison, (Doc. 10 at 6), do not provide facts regarding the actions or inactions of Kernan, Sullivan, or Johnson, or of the customs and practices at CCI, where Plaintiff was incarcerated.

To the extent that Plaintiff names Kernan, Sullivan, Jhonson, and Tingley as defendants simply because they held supervisory positions, the Court notes that section 1983 does not impose liability on a supervisor merely because his or her subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose liability under section 1983, a plaintiff must allege specific misdeeds that each defendant committed, rather than setting forth the misdeeds of those he or she supervised. *See id.*

**B. Retaliation**

A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, the plaintiff must allege that he engaged in protected activity. *Id.* For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . .'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim against Correctional Officer Gray. Plaintiff alleges that he engaged in protected conduct, i.e., filing an inmate grievance regarding the January 8, 2017 excessive force incident, and that Officer Gray subjected him to an adverse

6

action because of it, i.e., issuing a false rules violation report against him. (Doc. 10 at 6.)

Plaintiff does not state a cognizable claim against Correctional Lieutenant Nunley. Plaintiff alleges that, in his report on Plaintiff's grievance regarding Gray's alleged retaliation, Nunley omitted his interview of Plaintiff's cellmate "[i]n a conspiracy to cover up the fabricated dangerous contraband possession charge." (*Id.* at 6-7.) However, Plaintiff provides no facts to support this conclusory statement. *See Iqbal*, 556 U.S. at 678. To the extent Plaintiff challenges Nunley's processing of his administrative appeal itself, the Court notes that Plaintiff does not have a "constitutional entitlement to . . . specific inmate grievance procedure[s]." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted).

Plaintiff's claims against Appeals Coordinator Wood and "AGPA" Zanchi are also not cognizable. Plaintiff's allegations against these defendants are limited to their processing of his March 8, 2017, administrative appeal regarding his mail. (Doc. 10 at 7-8.) As stated above, Plaintiff has no constitutional right to specific appeals procedures. Additionally, Plaintiff provides no facts suggesting that these defendants' rejection of his appeal was done in retaliation for his engagement in any protected activity.

**C. Misjoinder of Defendants**

As explained in section II.C, *supra*, a plaintiff may not join unrelated claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2). A plaintiff may bring claims against more than one defendant only if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a)(2); *Coughlin*, 130 F.3d at 1351.

Plaintiff's claims against Defendants Wood and Zanchi do not arise out of the same transactions or occurrences as his claims against the remaining defendants. As explained above, the claims against Wood and Zanchi are for the alleged improper screening of a grievance he filed on March 8, 2017, regarding the processing of his mail. (Doc. 10 at 7-8.) Plaintiff's claims against the other defendants, on the other hand, are for (1) the alleged use of excessive force on January 8, 2017, and (2) the alleged issuance of a false rules violation report in retaliation for Plaintiff filing a grievance regarding the excessive force incident. (*Id.* at 5-7.) Hence, the claims against Wood and Zanchi are unrelated to the remaining claims for purposes of Rule 20 and thus cannot

be brought in the same suit.

As set forth above, Plaintiff does not state any cognizable claims against Wood or Zanchi. The improper joinder of these defendants provides an alternative ground to dismiss them from this action. Fed. R. Civ. P. 21 ("the court may at any time, on just terms, add or drop a party").

**V.  CONCLUSION, RECOMMENDATION, AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff's second amended complaint states cognizable claims of excessive force against Defendants Algazzaly and Herrick and the four Doe defendants, as well as a cognizable claim of retaliation against Defendant Gray; but it does not state cognizable claims against the remaining defendants. Given that Plaintiff has received two opportunities to amend (Docs. 7, 9), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court RECOMMENDS that:

1. Defendants Jhonson, Kernan, Nunley, Sullivan, Tingley, Wood, and Zanchi be DISMISSED; and,
2. The claims in Plaintiff's second amended complaint be DISMISSED, except for its claims of excessive force in violation of the Eighth Amendment against Defendants Algazzaly and Herrick and the four Doe defendants, and the claim of retaliation in violation of the First Amendment against Defendant Gray, pursuant to 42 U.S.C. § 1983.

The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2021**        /s/ *Sheila K. Oberto*
                            UNITED STATES MAGISTRATE JUDGE