UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. HERRICK, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01746-JLT-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER**<br><br>**21-DAY DEADLINE** |

　　　　Plaintiff Rafael Godinez is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　　　On March 18, 2022, this Court issued its Discovery and Scheduling Order, setting forth deadlines for the completion of discovery and the filing of various motions. (Doc. 43.) Pretrial motions were to be filed no later than October 17, 2022. (*Id*. at 1, 3.)

　　　　On October 18, 2022, the Court issued its Order Granting Defendants' Motion to Modify the Discovery and Scheduling Order. (Doc. 51.) The deadline for the filing of pre-trial dispositive motions was extended to January 16, 2023. (*Id*. at 2.)

　　　　On January 12, 2023, Defendants filed a Motion for Summary Judgment. (Doc. 52.) Plaintiff was advised that his opposition or statement of non-opposition must be filed within 21 days. (*Id*. at 1-2.) More than 21 days have passed, and Plaintiff has failed to file an opposition or statement of non-opposition to Defendants' motion for summary judgment.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Local Rule 230(*l*) provides that an "[o]pposition, if any, to the granting of [a] motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect …." Here, Plaintiff has failed to respond to Defendants' motion for summary judgment by filing either an opposition or a statement of non-opposition. Nor has Plaintiff sought an extension of the deadline for filing an opposition or statement of non-opposition to Defendants' pending motion.

On January 12, 2023, Plaintiff was served with Defendants' *Rand*[1] Warning. (Doc. 52-3.) The warning advised Plaintiff of his obligations pursuant to Rule 56 of the Federal Rules of Civil Procedure regarding the filing of a motion for summary judgment. (*Id.* at 1-2.) It further advises Plaintiff regarding the requirements of this Court's Local Rule 260(a) as it relates to statements of undisputed fact and Plaintiff's obligations in response thereto. (*Id.* at 2.) Despite this warning, and the Court's Local Rules applicable to this action, Plaintiff has failed to respond to Defendants' motion for summary judgment.

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of the date of service of this order, why this action should not be dismissed for his failure to comply

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

with Court orders. Alternatively, within that same time, Plaintiff may file an opposition or a statement of non-opposition to Defendants' motion for summary judgment.

**<u>Failure to comply with this Order will result in a recommendation that this action be dismissed for failure to obey court orders</u>.**

IT IS SO ORDERED.

Dated:   **February 10, 2023**              /s/ *Sheila K. Oberto*           
                                            UNITED STATES MAGISTRATE JUDGE