UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>   Plaintiff,<br><br> v.<br><br>A. HERRICK, et al.,<br><br>   Defendants. | Case No. 1:19-cv-01746-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE** |

Plaintiff Rafael Godinez is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

## I. RELEVANT PROCEDURAL BACKGROUND

On March 18, 2022, this Court issued its Discovery and Scheduling Order, setting forth deadlines for the completion of discovery and the filing of various motions. (Doc. 43.) Pretrial motions were to be filed no later than October 17, 2022. (*Id*. at 1, 3.)

On October 18, 2022, the Court issued its Order Granting Defendants' Motion to Modify the Discovery and Scheduling Order. (Doc. 51.) The deadline for the filing of pre-trial dispositive motions was extended to January 16, 2023. (*Id*. at 2.)

On January 12, 2023, Defendants filed a Motion for Summary Judgment. (Doc. 52.) Although Plaintiff was advised that his opposition or statement of non-opposition must be filed within 21 days in accordance with this Court's Local Rules (i*d*. at 1-2), he has failed to file an

1  opposition or statement of non-opposition to Defendants' motion for summary judgment.

2  On February 10, 2023, this Court issued its "Order to Show Cause in Writing Why Action Should Not Be Dismissed for Failure to Obey Court Order" (OSC). (Doc. 53.) Plaintiff was ordered to respond in writing to the OSC, or, alternatively, to file an opposition or statement of non-opposition to Defendants' motion for summary judgment, within 21 days of the date of service of the OSC. (*Id*. at 2-3.) More than 21 days have passed, and Plaintiff has not responded to the OSC or otherwise had contact with the Court.

## II. DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has neither shown cause in writing for his failure to file an opposition or statement of non-opposition to the pending motion for summary judgment, nor filed any opposition or statement of non-opposition to the pending motion for summary judgment. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court

finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor also weighs in favor of dismissal. Following service of Plaintiff's second amended complaint, on December 15, 2021, Defendants Algazzaly, Gray and Herrick filed an answer to Plaintiff's second amended complaint. (Doc. 27.) When the matter did not settle following the March 15, 2022, settlement conference, the Court issued its Discovery and Scheduling Order. (*See* Doc. 43.) All discovery closed on August 18, 2022. (*Id.*) Defendants filed a timely motion for summary judgment on January 12, 2023. (Doc. 52.) Despite having been afforded the opportunity to engage in discovery with Defendants before having to file an opposition or statement of non-opposition to the pending motion for summary judgment, Plaintiff has taken no action at all. A presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court finds that the third factor—the risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff is not moving the case forward and has ceased obeying court orders and prosecuting this action. Therefore, the fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's February 10, 2023 OSC expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*See* Doc. 53 at 3 ["**Failure to comply with this**

1  **Order will result in a recommendation that this action be dismissed for failure to obey**
2  **courts orders**"].) Moreover, in this Court's "First Informational Order In Prisoner/Civil Detainee
3  Civil Rights Case," issued December 17, 2019, Plaintiff was advised: "In litigating this action, the
4  parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and
5  the Local Rules of the United States District Court, Eastern District of California ("Local Rules"),
6  as modified by this Order. **Failure to so comply will be grounds for imposition of sanctions**
7  **which may include dismissal of the case**." (*See* Doc. 3, emphasis added.) Plaintiff had adequate
8  warning that dismissal could result from his noncompliance. Thus, the fifth factor—the
9  availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.
10     Plaintiff appears to have abandoned this action. Whether Plaintiff has done so
11 intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the
12 Court's orders and to prosecute this action. The Court declines to expend its limited resources on
13 a case that Plaintiff has chosen to ignore.

14     **III.**    **CONCLUSION AND RECOMMENDATIONS**

15     For the reasons stated above, this Court RECOMMENDS that this action be DISMISSED
16 without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

17     These Findings and Recommendations will be submitted to the United States District
18 Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of
19 service of these Findings and Recommendations, Plaintiff may file written objections with the
20 Court. The document should be captioned, "Objections to Magistrate Judge's Findings and
21 Recommendations." Plaintiff's failure to file objections within the specified time may result in
22 waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing
23 *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24
25 IT IS SO ORDERED.

26 Dated:   **March 10, 2023**        /s/ *Sheila K. Oberto*
27                                     UNITED STATES MAGISTRATE JUDGE
28