**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL GODINEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>A. HERRICK, et al.,<br><br>   Defendants. | Case No. 1:19-cv-01746 JLT SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS TO REOPEN ACTION, TO APPOINT COUNSEL, AND FOR INJUNCTIVE RELIEF<br><br>(Doc. 57) |

Rafael Godinez seeks to hold defendants Algazzaly, Herrick, and Gray liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. (*See* Docs. 10, 19.) The action was dismissed on March 31, 2023. (Doc. 55.) Plaintiff now requests the Court re-open the action, appoint counsel, and grant injunctive relief. (Doc. 57.) Defendants filed their opposition to the requests on April 19, 2023. (Doc. 58.) For the reasons set forth below, Plaintiff's requests are **DENIED**.

**I.     Relevant Procedural Background**

On January 12, 2023, Defendants filed a Motion for Summary Judgment. (Doc. 52.) Plaintiff was advised his opposition or statement of non-opposition must be filed within 21 days, as provided in this Court's Local Rules. (*Id*. at 1-2.) Plaintiff failed to respond in any way. On February 10, 2023, the Court issued its "Order to Show Cause in Writing Why Action Should Not Be Dismissed for Failure to Obey Court Order." (OSC). (Doc. 53.) Plaintiff did not respond.

On March 10, 2023, the magistrate judge issued Findings and Recommendations, recommending the action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 54.) The Court allowed Plaintiff fourteen days to file any objections to the recommendation. (*Id.* at 4.) Plaintiff did not file objections or otherwise respond to the Court. On March 31, 2023, the Court adopted the recommendations and dismissed the case without prejudice. (Doc. 55.) The Court entered judgement the same date. (Doc. 56.)

On April 5, 2023, Plaintiff filed a document titled "Request for Relief of Judgement or Order to be Corrected Under Rule 60 et al., of the Fed.R.Civ.P, Appointment of Counsel and Injunctive Relief. Rule 65(a) and 28 U.S.C. 1746." (Doc. 57.)  Defendants filed their opposition to the requests on April 19, 2023. (Doc. 58.)

## II.     Request to Reopen Pursuant to Rule 60

Plaintiff's asks this Court to reopen this action pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. 57.) Rule 60 provides, in relevant part:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions**. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

2

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Generally, Plaintiff argues Rule 60 relief should be afforded because he was housed at the San Diego County Jail "from 12-12-22 to 3-17-23" and was therefore "unable to respond" to Defendants' summary judgment or to otherwise contact the Court. (Doc. 57.) He states he "virtually had no access to a law library, legal materials, reasources [sic], or [his] personal legal property." (*Id*. at 1.) Plaintiff recounts aspects of the proceedings purportedly conducted in the San Diego trial court and asserts that while the jail "offers a paging system," the "process is very slow and unreliable." (*Id*.) Plaintiff contends his requests to access the law library "were returned unresponded or unanswered." (*Id*.) Plaintiff further contends he has "developed a diagnosis of psychosis, PTSD, anxiety and severe (long term) depression" due to "long term isolation beginning in 2007." (*Id*.) Coupled with chronic acid reflux, kidney disease, stomach pain and high and low blood pressure, these ailments "make it difficult for [Plaintiff] to focus and commit to [his] legal advocacy work." (*Id*. at 1-2.)

1       First, Plaintiff has not identified any clerical mistake, oversight or omission in an order from the Court, or such a mistake with the judgment entered here. Thus, Plaintiff does not show he is entitled to relief pursuant to Rule 60(a).

        Next, Plaintiff makes no showing of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). It was Plaintiff's obligation to keep the Court apprised of his current address. *See* Local Rule 182(f).  He did not do so and offers no reasonable excuse for his failure. Plaintiff was expressly advised in December 2019 that a failure to comply with either the Federal Rules of Civil Procedure or this Court's Local Rules could "be grounds for imposition of sanctions which may include dismissal of the case," and of his obligation to keep the Court apprised of any change to his address. (*See* Doc. 3 at 1, 5 [First Informational Order].) In fact, Plaintiff has previously advised the Court of a change of address. (*See* Doc. 47.)

        Plaintiff offers no explanation for his failure to advise the Court that he was moved to the San Diego County Jail in December 2022 and has not demonstrated injury or circumstances beyond his control. *Harvest*, 531 F.3d at 749. Plaintiff's physical and mental ailments do not excuse his failure to obey court orders, and certainly these reported long-standing issues did not affect his ability to advise the Court of a previous address change. Significantly, access to a law library is not necessary for a party to advise the Court of a change or address. Had Plaintiff advised the Court and Defendants of his change of address in December 2022—as he was obligated to do—Plaintiff would have received timely notice of Defendants' summary judgment motion. Moreover, had Plaintiff kept the Court apprised of his current address, the OSC and findings and recommendations concerning dismissal of the action for Plaintiff's failure to obey court orders and failure to prosecute would not have been necessary. Ultimately, Plaintiff's predicament is of his own making and the Court finds no reason to excuse Plaintiff's negligence.

        Finally, Plaintiff does not allege any newly discovered evidence or fraud in this action. Fed. R. Civ. P. 60(b)(2) & (3). Nor are subsections (4) or (5) of Rule 60(b) applicable here. In any event, Plaintiff makes no showing in that regard. Lastly, the Court finds no other reason justifying relief under Fed. Civ. P. 60(b)(6). Consequently, Plaintiff fails to show relief under Rule 60 should be granted. *Kona Entres.*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

### III. Request for the Appointment of Counsel

Plaintiff asks this Court to appoint counsel, noting he is unable to afford counsel, the issues in the case are complex, he is incarcerated and has "extremely limited access to the law library," has been unable to retain counsel on his own, and has limited knowledge of the law. (Doc. 57 at 2.)

Because the Court finds Plaintiff is not entitled to relief pursuant to Rule 60, there is no reason for the Court to appoint counsel. Further, none of the reasons offered by Plaintiff amount to exceptional circumstances to warrant such an appointment. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) ("[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *Gonzalez v. Brown*, No. 2:17-cv-0176-WBS-CMK-P, 2017 WL 4340008, at *1 (E.D. Cal. Sept. 29, 2017) ("Plaintiff's claims of limited access to legal materials is not an exceptional circumstance, but one all prisoners face"); *Howard v. Hedgpeth*, No. 08cv0859RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (a plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel").

### IV. Request for Preliminary Injunction

Plaintiff also asks this Court to issue a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. (Doc. 57 at 2.) Specifically, Plaintiff requests an "order allowing him to transfer with all of the materials concerning his civil suits and criminal case," or an order that those materials "be returned to him once in the county jail, when he is transferred from Donovan State Prison," or that "he be housed in the San Diego 'Central' County Jail and given access to the law library" that is "unimpeded, hindered or obstructed in any way." (*Id.*)

Because Plaintiff is not entitled to relief pursuant to Rule 60, there is no reason for the Court to grant injunctive relief. In any event, Plaintiff has not established he is likely to succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the

public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20, 24 (2008).

Moreover, the pendency of an action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst*., 555 U.S. 488, 491–93 (2009*); Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in an action and the viable legal claims upon which the action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. Here, prior to dismissal of this action, Plaintiff's case proceeded on claims of excessive force against Defendants Algazzaly and Herrick and four Doe defendants, and a retaliation claim against Defendant Gray. (*See* Doc. 20.) Because Plaintiff's request is not limited to the parties in the action—even assuming the action were still open and active—the Court is without jurisdiction to grant the relief Plaintiff seeks. Indeed, as noted above, there is no basis to reopen this action, nor any reason to issue a preliminary injunction or any other form of injunctive relief.

## V.     Conclusion and Order

For the reasons set forth above, Plaintiff's requests filed April 5, 2023 (Doc. 57) are **DENIED**. This action shall remain closed, and no further requests will be entertained.

IT IS SO ORDERED.

Dated:   **May 19, 2023**

UNITED STATES DISTRICT JUDGE